# United States Bankruptcy Court
### Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re:** | |
| **Jonathan David Gaspard & Laura Oglesby Gaspard,** | **Case No. 25-44602** |
| Debtors | |
| | **Chapter 7** |
| **Suneel Menon,** | |
| Plaintiff | |
| **v.** | |
| **Jonathan David Gaspard,** | **Adversary No. 26-04015-mxm** |
| Defendant. | |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT
## UNDER RULES 12(b)(1), (b)(6), AND 9(b)

Defendant Jonathan David Gaspard ("Gaspard") respectfully moves this Court for an order dismissing the *Complaint under Sections 523(a)(4) and 523(a)(6)* [Dkt. 1] ("Complaint") filed by Plaintiff Suneel Menon ("Menon") under Fed. R. Civ. P. 12(b)(1), (6) and Rule 9(b).

### I.   Menon lacks standing and is not a real party in interest.

1.    Before addressing the specific counts in the Complaint, the Court should dismiss all claims for which the Plaintiff lacks standing.

2.    The core of the Complaint alleges misuse of Company funds, unauthorized Company expenses, and diversion of Company assets. *See* Complaint.

3.    However, under Texas law, an injury to the LLC must be brought by the LLC itself or derivatively, not by a member individually. *Johnson v. King (In re King)*, 541 B.R. 404, 409

(Bankr. N.D. Tex. 2015) (*citing Overtime Mktg. SE, LLC v. High Performance Beverage*, No. 4:14-CV-434, 2015 U.S. Dist. LEXIS 11690, 2015 WL 430248, at *4 (E.D. Tex. Feb. 2, 2015) and *Barrera v. Cherer*, No. 04-13-00612-CV, 2014 Tex. App. LEXIS 4602, 2014 WL 1713522, at *2 (Tex. App.—San Antonio Apr. 30, 2014, no pet.) (mem. op.).

4.      Moreover, § 523 requires the existence of a valid debt owed by Gaspard to Menon. The Complaint fails to identify any such debt, other than the alleged unauthorized charge incurred by Gaspard on Menon's Apple credit card for Company obligations. The remaining amounts identified, namely, Menon's capital contributions and his loan, are obligations of the Company, not debts owed by Gaspard individually. Absent a plausible allegation of a debt owed by Defendant to Plaintiff individually, no claim under § 523 can lie as a matter of law.

5.      To the extent Menon attempts to assert individual claims for damages sustained by the Company, or to recover amounts owed to him by the Company (including the alleged capital contributions and loan), he lacks standing to do so. *See Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 361 (Tex. App. 2016).

6.      In conclusion, the Fifth Circuit supports the dismissal of claims for which the plaintiff lacks standing, particularly when the alleged injuries are to an LLC rather than the plaintiff individually. Section 523 requires a valid debt owed to the plaintiff, and claims involving misuse of company funds or diversion of assets must generally be brought by the LLC or derivatively.

**II. The Complaint fails to state a claim upon which relief can be granted under 12(b)(6).**

7.      The Complaint relies heavily on conclusory allegations unsupported by specific facts and is not sufficiently pleaded to state a plausible claim or provide adequate notice of the conduct at issue with respect to Counts I, II, and III, for the reasons discussed below. In particular, the

allegations in paragraphs 17 through 28 lack the factual specificity required to support a plausible claim or to put Gaspard on notice of the claims asserted.

8.      Paragraph 17 alleges Gaspard engaged in a deliberate and unauthorized seizure of control over the Company. However, this statement is a mere legal label and fails to describe the specific actions that constituted seizure. Moreover, it contradicts the fact that Menon had express authority over accounting, finance, and disbursement. Claiming seizure without explaining how it overrode Menon's own contractual authority is a conclusory leap.

9.      Paragraph 18 alleges Gaspard secretly relocated Company property without Menon's consent. But Menon fails to identify *what* specific property or equipment was moved or the location it was moved to, or how or why Menon was unable to discover this relocation. This allegation does not put Gaspard on notice of what is being claimed as secretly relocated property.

10.     Paragraph 19 alleges Gaspard entered into a lease obligation without required unanimous consent. However, it also lacks specifics such as the name of the landlord, the date of the lease, the dollar amount of the financial obligation, or which provision in the agreement triggered unanimous consent for the agreement.

11.     Paragraphs 20 and 21, allege Gaspard blocked Menon's access to accounts and refused to add Menon as a signatory to accounts. These claims characterize a lack of access as a proactive "blocking" or "refusal" without pleading the specific request made by Menon. In fact, from the Complaint it is not clear that any proactive efforts by Gaspard to "block" the access were made at all or that Menon ever requested such access.

12.     Paragraph 22 is similarly threadbare recital of an injury asserting Gaspard cut off Menon's access to Company's books and financial records. The Complaint does not state *how* Gaspard cut

off access. An allegation that he was "cut off" from his own area of responsibility requires specific factual pleading to be more than a conclusion.

13.     Paragraphs 23 and 26 allege Gaspard used Company funds for unrelated or unauthorized payments, but lack any particularity. There are no identified specific transactions, no vendors, no dates, or amounts for these charges. Vague allegations of unauthorized spending do not put the defendant on sufficient notice of the claim being asserted.

14.     Paragraph 24 alleges Gaspard used Company funds to acquire and operate residential rental property but lacks any identifying information: no property address, no specified affiliated entities, no dates of purchase. This appears to be a stab in the dark allegation that would not satisfy Rule 9(b) requirement for particularity.

15.     Paragraph 28 alleges Gaspard concealed all the above actions but is merely conclusory and nowhere in the Complaint does Menon explain when or how these actions were concealed or could not have been discovered by Menon using ordinary diligence.

   A.  **Count I: Fraud or Defalcation in a Fiduciary Capacity § 523(a)(4)**

16.     As stated above in Section I, the diverted funds and authorized obligations are injuries to the Company, not to Menon personally, and Menon lacks standing to assert these as personal, nondischargeable debts.

17.     Nevertheless, Count I should be dismissed because the Plaintiff cannot establish the existence of a "fiduciary capacity" as strictly defined in the Fifth Circuit or identify the trustee property that Menon had a personal interest in.

18.     To qualify under § 523(a)(4), there must be an express or technical trust that existed prior to the alleged wrongdoing. *Mullen v. Jones (In re Jones)*, 445 B.R. 677, 707 (Bankr. N.D. Tex. 2011).

19.     Here, the Complaint fails to identify a specific "res" (trust property) Menon had a personal interest in or an expressed trust agreement, rending the fiduciary capacity claim legally insufficient.

20.     Moreover, the allegations that Gaspard seized control of the Company finances, blocked Menon's access to accounts, incurred unauthorized obligations, used Company funds for personal benefit and concealed financial transactions are not alleged with enough factual substance or detail to put Gaspard on notice of what conduct is being alleged to have been a breach of his fiduciary duties to the Company, much less to Menon personally.

21.     Finally, Menon's claim that Gaspard "secretly" took control and concealed financial transactions is spurious considering that the amended Company Agreement granted Menon authority over the Company's accounting and disbursements. Menon cannot plausibly claim a "culpable state of mind" on Gaspard's part for managing finances that Menon was contractually obligated but failed to oversee himself.

### B. Count II: Count II Fails to State a Claim for Embezzlement Under § 523(a)(4)

22.     Count II should be dismissed because the Complaint fails to plead the elements of embezzlement with the specificity required under Rules 8 and 9(b).

23.     To state a claim for embezzlement under § 523(a)(4), a plaintiff must plausibly allege that: (1) the debtor lawfully possessed property; (2) the debtor appropriated the property for a use other than that for which it was entrusted; and (3) the appropriation was done with fraudulent intent. *Powers v. Caremark, Inc. (In re Powers)*, 261 Fed. Appx. 719, 2008 WL 104272, at *4 (5th Cir. 2008). Bare conclusions are insufficient.

24.     The Complaint recites these elements in conclusory fashion but fails to allege supporting facts. First, while Plaintiff alleges that Defendant "lawfully possessed Company funds," it does

not identify any specific, identifiable funds or property entrusted to Gaspard by Menon personally, as opposed to general company assets. A generalized reference to "Company funds" is insufficient to establish the required entrustment of specific property.

25.    Second, the Complaint fails to allege any specific acts of misappropriation with the particularity required by Rule 9(b). The allegations that Gaspard used funds for "personal real estate acquisitions" and made "unauthorized credit card charges" are entirely devoid of detail—no dates, amounts (other than a lump sum), counterparties, property addresses, or transaction-level facts are provided. These are precisely the type of vague and undifferentiated accusations that courts routinely reject.

26.    Third, the allegation of "fraudulent intent" is purely formulaic. The Complaint provides no factual basis from which the Court could plausibly infer intent to defraud, as opposed to a business dispute over authorization or use of company resources. Allegations consistent with a contractual or managerial dispute do not give rise to a plausible inference of fraud.

27.    Fourth, the claim improperly conflates alleged injury to the Company with a personal claim by Plaintiff. The alleged misuse of Company funds constitutes, at most, an injury to the Company, not a direct injury to Menon sufficient to support a nondischargeability claim. See Section I above.

28.    In sum, Count II is nothing more than a threadbare recitation of the elements of embezzlement, unsupported by specific factual allegations. Because the Complaint fails to plead embezzlement with plausibility or particularity, Count II must be dismissed under Rule 12(b)(6) and Rule 9(b).

**C. Count III: Fails to State a Claim for Willful and Malicious Injury Under § 523(a)(6)**

29.    Count III should be dismissed because the Complaint fails to plausibly allege a "willful and malicious injury" within the meaning of § 523(a)(6).

30.     To state a claim under § 523(a)(6), a plaintiff must allege facts showing that the debtor acted with either a subjective intent to cause injury or a belief that injury was substantially certain to result. Allegations of intentional acts, standing alone, are insufficient: there must be intent to cause injury, not merely intent to act. *Kawaauhau v. Geiger*, 523 U.S. 57 (1998); *Williams v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 508 (5th Cir. 2003).

31.     The Complaint does not meet this standard.

32.     First, the allegations describe, at most, an alleged business dispute over control, access to accounts, and use of Company funds. Assertions that Defendant "seized control," "excluded Plaintiff," or "diverted funds" are conclusory and lack the factual detail necessary to elevate the claim from a contractual or managerial dispute to a deliberate injury.

33.     Second, the Complaint fails to allege any specific facts showing that Defendant acted with the subjective intent to harm Plaintiff or with substantial certainty that harm would occur. The assertion that Defendant "knew" harm would result is a bare legal conclusion unsupported by factual content.

34.     Third, the alleged conduct is equally consistent with non-tortious explanations, including disagreements over management authority, financial decision-making, or business strategy. Where allegations are merely consistent with lawful or non-malicious conduct, they do not satisfy the plausibility standard required under Rule 12(b)(6).

35.     Fourth, Count III improperly attempts to transform alleged breaches of contract or fiduciary duties into a willful and malicious injury claim. However, § 523(a)(6) does not apply to debts arising from ordinary breaches of contract or internal business disputes absent independent tortious conduct accompanied by actual intent to cause injury. No such facts are alleged here.

36.     Finally, as with the other counts, the alleged injuries largely concern misuse of Company assets, which constitute derivative injuries to the Company, not direct, personal injuries to Plaintiff sufficient to support a nondischargeability claim.

37.     In sum, Count III consists of conclusory allegations that fail to plausibly allege that Defendant intended to injure Plaintiff or acted with substantial certainty that injury would occur. Because the Complaint fails to state a claim under § 523(a)(6), Count III should be dismissed under Rule 12(b)(6).

### III. Conclusion

38.     For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint in its entirety under Fed. R. Civ. P. 12(b)(1), 12(b)(6), and Rule 9(b). As demonstrated above, Plaintiff lacks standing to assert the claims alleged, fails to identify a valid debt owed by Defendant individually, and relies on conclusory allegations devoid of the factual specificity required to state a plausible claim for relief. In the alternative, and to the extent the Court determines dismissal should not be with prejudice, Defendant requests that Plaintiff be required to replead with particularity consistent with the governing rules. Defendant further requests such other and further relief to which he may be justly entitled.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and Rule 9(b), or alternatively require Plaintiff to replead with the requisite specificity, and grant Defendant such other and further relief to which he may be justly entitled.

Respectfully submitted,

NORRED LAW, PLLC

By: __/s/ Clayton L. Everett____
      Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
Warren V. Norred
Texas State Bar No. 24045094
wnorred@norredlaw.com
515 E. Border St., Arlington, Texas 76010
O 817-704-3984, F. 817-524-6686
Counsel for Defendant Jonathan Gaspard

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2026, a true and correct copy of the foregoing has been served via email to Plaintiff's counsel:

*Counsel for Plaintiff Suneel Menon:*
Alvin Q. Malone
Law Offices of Al Malone
3100 W. Southlake Blvd., Ste 110
Southlake, TX 76244

/s/ *Clayton L. Everett*

Gaspard's Motion to Dismiss Complaint

Page 9