Clayton L. Everett, TSBN 24065212
NORRED LAW PLLC
515 E. Border St., Arlington, TX 76010
P: 817-704-3984, E: clayton@norredlaw.com
Attorney for Defendant Jonathan Gaspard

## United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

|  |  |
|---|---|
| **In re:** | |
| **Jonathan David Gaspard & Laura Oglesby Gaspard,** | **Case No. 25-44602** |
| Debtors | |
| | **Chapter 7** |
| **Suneel Menon,** | |
| Plaintiff | |
| **v.** | |
| **Jonathan David Gaspard,** | **Adversary No. 26-04015-mxm** |
| Defendant. | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Jonathan David Gaspard ("Gaspard" or "Defendant") responds to the *First Amended Complaint under Sections 523(a)(2)(A) and 523(a)(6)* [Dkt. 9] ("Complaint") filed by Plaintiff Suneel Menon ("Menon" or "Plaintiff").

### I.    JURISDICTION AND VENUE & PARTIES

1.    Paragraphs 1-5 are admitted.

2.    Paragraphs 6 is denied. Menon is not a personal creditor of Gaspard and any funds provided were loans to the company, Restoration Roofing, not to Gaspard individually.

3.    Paragraph 7 is admitted.

## II.      FACTUAL BACKGROUND

4.      Paragraphs 8 is denied. Menon was never a co-managing member of the Company and Gaspard was the president with primary responsibility for the day-to-day business affairs under Section 6.8 of the Company Agreement.

5.      Paragraph 9 is conditionally admitted, and Gaspard states that the date of the Second Amended Company Agreement was May 24, 2022 (not June 1, 2022).

6.      Paragraphs 10-11: are admitted in part, and denied in part.  Gaspard admits that the Company Agreement contains terms regarding management and access, but Gaspard denies Menon's characterization of those terms to the extent they contradict the plain language of the document. Specifically, Gaspard denies that management decisions require unanimous consent. The plain language of the agreement requires only a majority for management decisions.

7.      Paragraph 12 is admitted to the extent that a third member, Gurner Kher, was admitted to the Company, but denied as to the respective interests held by each member. Defendant specifically denies that this contribution was sufficient to vest the ownership interest Plaintiff claims. Under the May 24, 2022 Binding Term Sheet, Plaintiff was contractually obligated to contribute $850,000 to acquire a 33.32% interest in the Company. Because Plaintiff failed to pay the remaining $350,000, his interest never fully vested and, *if any vesting occurred at all*, then it must be prorated based on his actual contribution. By Defendant's calculation, Plaintiff's interest reached a maximum of 29.41%, which was further reduced to 26.91% after Plaintiff sold a 2.5% interest to a third party. Defendant therefore disputes that Plaintiff holds the 47.5% interest alleged in the Amended Complaint.

8.      Paragraph 13: Admitted only to the extent that Plaintiff provided a partial capital contribution of $500,000. Defendant specifically denies that this contribution was sufficient to vest

the ownership interest Plaintiff claims. Defendant therefore disputes that Plaintiff holds the 47.5% interest alleged in the Amended Complaint for the reasons outlined in more detail in paragraph 7 of this Answer above.

9.      Paragraphs 14: Admitted that Plaintiff made loans of approximately $1,700,000 to the Company.

10.      Paragraphs 15-16: Admitted that Plaintiff made capital contributions and loans, but Defendant denies that these represent personal debts owed by Defendant individually, as they are obligations of the Company

11.      Paragraphs 17-22: Defendant is without sufficient knowledge to admit or deny the full extent of Plaintiff's personal guarantees or the status of third-party lawsuits, and therefore denies the same.

12.      Paragraphs 23-26: Admitted that the June 2024 Amendment exists; denied as to Plaintiff's characterization of his "financial-control rights." In any event, Menon never actually exercised his administrative rights or authority, instead frequently arriving late, failing to call meetings, and focusing on businesses unrelated to the Company while he was present.

13.      Paragraphs 27–30 are denied. The reimbursement language in the June 2024 Amendment is a contractual matter and does not create a fiduciary "res" or nondischargeable debt under § 523.

14.      Paragraphs 31–39 are denied. Defendant denies any "wrongful seizure" or intentional exclusion of Plaintiff. Defendant specifically denies that Plaintiff was blocked or excluded from Company records. To the contrary, despite having the contractual authority and obligation to oversee the Company's accounting and finance, Plaintiff never attempted to assert control over, request access to, or review the Company's books and records during the relevant time periods.

Moreover, access to Company records were given to his own personnel at his request, including Dee Johnson, Rozina Nathani, and Reshma Chadresekharan.

15.   Paragraphs 40–46 are denied. Defendant denies any misappropriation, diversion of funds, or unauthorized charges on Plaintiff's personal credit card.

16.   Paragraphs 47–52: Admitted that Plaintiff sent a demand and noticed a meeting; denied that Defendant's actions were "wrongful" or that he disregarded lawful directives.

17.   Paragraphs 53–60 are denied. Defendant denies that Plaintiff's alleged damages were caused by Defendant. Defendant affirmatively states that any financial irregularities or losses were the direct result of Plaintiff's own misuse of Company funds for personal use unrelated to the Company's business.

### III.    COUNT I: EMBEZZLEMENT UNDER 523(a)(4)

18.   Paragraphs 61–67 are denied. Plaintiff fails to identify specific property entrusted to Defendant by Plaintiff personally, rather than general Company assets.

### IV.    COUNT II: FIDUCIARY FRAUD OR DEFALCATION UNDER 523(a)(4)

19.   Paragraphs 68–73 are denied. Defendant denies the existence of a technical or express trust required for a fiduciary capacity claim under Fifth Circuit standards.

### V.    COUNT III: WILLFUL AND MALICIOUS INJURY UNDER 523(a)(6)

20.   Paragraphs 74–81 are denied. Defendant denies any subjective intent to injure Plaintiff or any belief that injury was substantially certain to result. This matter constitutes, at most, a business or contractual dispute.

21.   Defendant affirmatively states that his actions were not intended to cause injury to Plaintiff and were not taken with the belief that injury was substantially certain to result. To the contrary, Defendant's actions were taken for the legitimate purpose of protecting the Company and himself

from legal jeopardy. Specifically, Defendant acted upon the advice of outside legal counsel after Plaintiff attempted to pressure Defendant into certain bank-related conduct that Defendant believed would expose the Company to serious legal risk. Defendant followed this professional guidance to ensure legal compliance and the continued viability of the Company, which serves as a just cause and excuse for the conduct alleged and negates any finding of "willful and malicious" intent under 11 U.S.C. § 523(a)(6).

## VI.   DAMAGES

22.    Paragraph 82 is denied.

## AFFIRMATIVE DEFENSES

23.    **Failure to State a Claim**: The First Amended Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

24.    **Lack of Standing**: Plaintiff lacks standing to assert claims for injuries that belong solely to Gaspard & Menon Construction, L.L.C.

25.    **Lack of Ownership**: Menon claims to own 47.5% of the Company, however, given his failure to meet the full $850,000 capital contribution requirement, Menon never acquired an ownership interest in the Company and therefore lacks standing to sue on behalf of the Company.

26.    **Absence of Fiduciary Capacity**: No express or technical trust existed between the parties prior to the alleged wrongdoing as required by 11 U.S.C. § 523(a)(4).

27.    **No Intent to Injure**: The alleged conduct is consistent with a good-faith business dispute and does not rise to the level of "willful and malicious" under 11 U.S.C. § 523(a)(6).

28.    **Unclean Hands**: Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands because Plaintiff himself misused Company funds for personal purposes unrelated to legitimate business operations.

29.      Menon misappropriated Company funds by causing the Company to pay "consulting invoices" to H1B visa holders for labor that violated H1B visa terms. Moreover, Menon actively "dressed up" invoicing for such unauthorized labor.

30.      **Setoff and Recoupment**: Defendant is entitled to a setoff or recoupment against any amounts found owing to Plaintiff for the value of Company funds and assets misappropriated by Plaintiff for his own personal use.

31.      **Usury**: Menon's claims related to the money he and others loaned to the Company should be barred or otherwise offset due to the extraction of excessive and usurious interest on loans he provided to the Company.

32.      **Contributory Fault / Failure to Mitigate**: To the extent Plaintiff suffered any injury, such injury was caused by his own failure to exercise his contractual rights and duties to oversee the Company's financial functions. Plaintiff cannot claim he was "blocked" from information he never attempted to review.

33.      **Waiver and Estoppel**: By failing to exercise his oversight authority over the Company's books for an extended period, Plaintiff has waived his right to assert that Defendant's management of those same records was "unauthorized" or "fraudulent."

WHEREFORE, Defendant respectfully requests that the Court enter judgment in his favor, find the alleged debts dischargeable, grant such other relief as is just and proper, and grant Defendant such other and further relief to which he may be justly entitled.

Respectfully submitted,

NORRED LAW, PLLC

By: __/s/ Clayton L. Everett____
      Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
Warren V. Norred
Texas State Bar No. 24045094
wnorred@norredlaw.com
515 E. Border St., Arlington, Texas 76010
O 817-704-3984, F. 817-524-6686
Counsel for Defendant Jonathan Gaspard

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2026, a true and correct copy of the foregoing has been served via email to Plaintiff's counsel:

*Counsel for Plaintiff Suneel Menon:*
Alvin Q. Malone
Law Offices of Al Malone
3100 W. Southlake Blvd., Ste 110
Southlake, TX 76244

      /s/ *Clayton L. Everett*

Gaspard's Answer to the Amended Complaint                                     Page 7